UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

Angella Charmaine Ogalo     Case No. 24-10504-KHK
                            (Chapter 13)
    Debtor

### ORDER DENYING DEBTOR'S MOTIONS

These matters were before the Court on May 15, 2025 for a hearing on (i) the Debtor's Motion to Reconsider (Docket No. 112), (ii) the Debtor's Motion for Production of Records and/or Transcripts (Docket No. 119), and (iii) the Debtor's Motion to Reconsider and Clarify Court's February 28, 2025 Order (Docket No. 120) (the "Matters"). Additionally, on the afternoon before the hearing, Ms. Ogalo also filed a Motion for Appealable Final Order and Motion for Judgement on the Pleadings (Docket No. 139) and Motion to Approve Addendum to Debtor's Motion to Reconsider (Docket No. 141) (the "Additional Motions"). In the Debtor's Additional Motions, she reiterates her complaints about the Court's bench rulings, requests final orders on all pending matters, and requests the Court facilitate the return of $10,000 that she has paid over to the Chapter 13 Trustee.

This Order serves to memorialize the ruling the Court made from the bench on May 15th.

With respect to the Debtor's pleadings at Docket Nos. 112 and 120, Ms. Ogalo has moved for reconsideration or clarification of the Court's rulings made at the January 30th hearing denying confirmation without leave to amend, in essence dismissing the case,[1] and overruling the

---

[1] The ruling is memorialized in an Order Denying Confirmation Without Leave to File an Amended/Modified Plan and Dismissing Case at Docket No. 106.

Debtor's Motion Objecting to Proof of Claim and Motion to Set Aside Trustee's Objections Until Proof of Claim Questions are Resolved.[2]  Among other things, Ms. Ogalo has asserted that the Court has not provided reasoning for its rulings.   The Court did provide reasoning at the hearing when the rulings were made, but the Debtor did not attend the hearing.  Upon review of the recorded hearing, the Court finds however, that there is cause to more fully explain its rulings.

The Debtor has also asked the Court at Docket No. 119 for a transcript of the January 30th hearing, but the Court has already denied that request in its Order at Docket No. 130, wherein the Court also continued Ms. Ogalo's Motion to Reconsider to allow the Debtor time to order the transcript herself.   Accordingly, the request for the transcript will again be denied.

The Court will now address the basis for its ruling on the Debtor's claim objections.

Under the Bankruptcy Code, a proof of claim is deemed allowed unless a party in interest, such as the debtor, objects. 11 U.S.C. § 502(a). "Once the objector produces" "evidence equal in probative force to the proof of claim," the burden shifts to the claimant to prove the claim's validity. *In re Pier 1 Imports, Inc.*, No. 20-30805-KRH, 2024 WL 1059317, at *7 (Bankr. E.D. Va. Mar. 11, 2024).

At the outset, the Court notes that the pro se Debtor's certificate of service shows that she has failed to adequately serve any of the claimholders.   Email service is not proper. Under the Rules, notice must be sent to the address listed on the proofs of claim. With respect to the banks, they are entitled to service in accordance with Federal Rule of Bankruptcy Procedure (FRBP) 7004(h).   Without proper service and notice in this matter, the Court cannot rule on the claim objections.

---

[2] See Docket Entry 104.

Even if service had been made properly, there has been no assertion here that the underlying debts are not actually owed, but instead, the bare assertion that the proofs of claims of Wilmington Savings Fund Society, FSB,[3] CU Members Mortgage/Colonial Savings, F.A.,[4] Navient Solutions, LLC[5] and Quantum Group LLC for Sadino Funding[6] are inaccurate, incomplete and/or fraudulent. With respect to the Wilmington claim, the Debtor asserts that the claim of $300,546.27 is inaccurate and that it should instead be $196,000 or less. Her explanation for this argument is the mere assertion that $84,000 was fraudulently added to the loan with $58,000 of that amount having been improperly added by a prior servicer. Ms. Ogalo also asserts that Nationstar acted fraudulently in an attempted loan modification process, but she does not elaborate on that point or describe in any detail the basis for any of her assertions of fraud.

The "proof" supporting these bare assertions is a delinquent payment reminder dated January 1, 2023 and another delinquency notice dated March 15, 2023 sent by FCI as Servicing Agent to the Debtor (under the name Angella C Green), indicating that the principal balance owed at that time was $196,544.87.[7] This document does not support Ms. Ogalo's assertion, particularly given the amount of time that has elapsed since that date (approximately two years) and the attending interest and loan charges (consisting of escrow shortages, attorneys fees, administrative fees, and tax payments), that have accrued. Further, the Debtor's pleading does not account for the "deferred unpaid principal due" in the amount of $82,822.90[8] which is shown in the account ledger as well as in the Loan Adjustment Agreement attached to the proof of claim.

---

[3] Claim 6-1.
[4] Claim 8-1.
[5] Claim 4-1
[6] Claim 7-1
[7] Docket No. 70, pp. 9-10.
[8] Claim 6-1 p. 5

3

The Debtor has not produced "evidence equal in probative force to the proof of claim." Indeed, she has not even laid this out in a request for relief but instead has merely attached an email to her counsel.[9] Ms. Ogalo's pleading does not address any of the other claims she purports to object to. As a result, the Court denied her claim objections.

The Court will next address the basis for its denial of confirmation without leave to amend the plan.

First, the Court found that Ms. Ogalo was not taking the case seriously as she wasn't prosecuting the case in a timely manner due to her continuance requests combined with her failure to appear for hearings when set. On January 16, 2025, the Debtor filed a motion to continue the hearing that had previously been continued to January 17, 2025, and she did not attend the hearing set on that date. Those matters were continued again to January 30, 2025, but the debtor also failed to appear on that date. Moreover, since that time Ms. Ogalo has failed to appear at hearings set on March 27th and April 14th which is more proof that she is not taking these proceedings seriously. Second, the plan itself was denied confirmation based on underfunding (an issue which was made even worse due to the Debtor's failed claim objections). Because it was the third plan that was filed that was underfunded, the Court denied confirmation without leave to amend. Docket Nos. 18 and 30 (Trustee's Objections to Confirmation based on the grounds that the plans were underfunded, and therefore not feasible) and Docket Entries 24 and 40 (Order(s) Denying Confirmation of plans filed on April 15, 2024, and July 5, 2024, respectively). Accordingly, having reiterated the basis for its rulings, and finding that the record supported the determinations, the Court stands by its rulings at the January 30th hearing on these matters.

---

[9] Docket No. 72, pp. 5-8.

With respect to the two motions at Docket Nos. 139 and 141 that were filed the day before the May 15th hearing that Ms. Ogalo also did not attend, the Court first observes that those matters were not properly before the Court given the lack of notice. Additionally, given that the Court's ruling denying confirmation without leave to amend resulted in the dismissal of Ms. Ogalo's case, that Order was final for purposes of appealability. *See Bullard v. Blue Hills Bank*, 575 U.S. 496, 503 (2015) (distinguishing between denial of confirmation with leave to amend which is not an appealable order and denial of confirmation without leave to amend which *is* a final order and is therefore appealable). To the extent the Debtor is seeking a final order for the rulings made on January 30th, as memorialized by the Orders at Docket Entry 106 (Order Denying Confirmation without Leave to Amend and Dismissing Case) and Docket Entry 116 (Order Denying Debtor's Motions Objecting to Proof of Claim and Motion to Set Aside Trustee's Objections), those Orders have been final since their entry and the appeal period has long since run.

With respect to the Court's Order at Docket No. 130 (Order Continuing Matters and Denying Request for Transcript), the Court stands by its ruling denying the request for a transcript. To be clear, the Court is not required to provide the Debtor with a transcript just because she failed to appear at a hearing; however, the Order at Docket No. 130 included instructions on how Ms. Ogalo might order a transcript on her own by following the procedure found on the Court's website. Even though the Court fully disposed of the request for a transcript in that Order, to the extent that ruling was not appealable because the Order also continued matters that were eventually heard on May 15th, this Order, which disposes of all of Ms. Ogalo's pleadings including the Additional Motions, will end all proceedings in this case, leaving no other possible proceedings to potentially impede finality for purposes of appealability.

With respect to Ms. Ogalo's request for the return of the $10,000 that she paid over to the Chapter 13 Trustee, the Chapter 13 Trustee represented on the record that he would return the funds and that he would submit an order to that effect.

Accordingly, for these reasons, the Court will deny the Debtor's Additional Motions at Docket Nos. 139 and 141.

Therefore, it is hereby

**ORDERED**:

1. The Debtor's Motions at Docket Nos. 112, 119 and 120 are DENIED.

2. The Additional Motions at Docket Nos. 139 and 141 are DENIED.

3. The Chapter 13 Trustee shall submit to the Court a proposed Order effectuating the return of the Debtor's funds.

4. The Debtor is advised that she will have 14 days from the entry of this Order to appeal, by filing a Notice of Appeal with the Clerk of the Bankruptcy Court.

5. The Clerk shall provide a copy of this order and notice of its entry to the parties listed below.

Date: May 27 2025

/s/ Klinette H Kindred
Klinette H. Kindred
United States Bankruptcy Judge

Entered On Docket: May 27 2025

Copies to:

Angella Charmaine Ogalo
6018 Westbourne Place
Centreville, VA 20120
*Pro se Debtor*

Thomas P. Gorman
*Chapter 13 Trustee*

D. Carol Sasser
*Counsel for Wilmington Savings Fund, FSB*